Curtis A. GRIFFIN, Plaintiff,

v.

FEDERATED MUTUAL IMPLEMENT &
HARDWARE INSURANCE COM-
PANY, Defendant,

v.

The HOME INDEMNITY COMPANY,
Third-Party Defendant.

Margaret L. GRIFFIN, Plaintiff,

v.

FEDERATED MUTUAL IMPLEMENT &
HARDWARE INSURANCE COM-
PANY, Defendant,

v.

The HOME INDEMNITY COMPANY,
Third-Party Defendant.

Curtis A. GRIFFIN, Jr., Plaintiff,

v.

FEDERATED MUTUAL IMPLEMENT &
HARDWARE INSURANCE COM-
PANY, Defendant,

v.

The HOME INDEMNITY COMPANY,
Third-Party Defendant.

Civ. A. Nos. 70–C–15–D to 70–C–17–D.

United States District Court,
W. D. Virginia,
Danville Division.

March 2, 1971.

Charles R. Warren, Jr., Warren Parker & Williams, Danville, Va., for plaintiffs.

David C. Dorset, Howard W. Dobbins, Wallerstein, Goode, Dobbins & Shuford, Richmond, Va., for Federated Mutual Implement & Hardware Ins. Co.

Edward A. Marks, Jr., Sands, Anderson, Marks & Clarke, Richmond, Va., for Home Indemnity Co.

## OPINION and JUDGMENT

DALTON, Chief Judge.

Shortly after midnight on September 3, 1967 Curtis A. Griffin, Margaret L. Griffin, and Curtis A. Griffin, Jr. were traveling in an automobile in Pittsylvania County, Virginia when they were involved in a collision with an automobile driven by Hardin Junior Combs. Subsequently they each instituted suit against Combs and on July 23, 1969 recovered default judgments of $35,000, $25,000, and $35,000, respectively, with interest at 6% per annum.

The car operated by Hardin Junior Combs had been purchased on or about December 22, 1966 by Combs' father, John A. Combs, from Ray Von Johnson trading as Johnson Motor Company. At the time of the accident Ray Von Johnson was insured by Federated Mutual Implement & Hardware Company under a garage liability policy. The sale of the automobile was partially financed by a negotiable note which was discounted to the Virginia Bank and Trust Company, which was insured at the time of the accident by the third party defendant, Home Indemnity Company. The Griffins have each brought actions against Federated Mutual to recover on their unsatisfied judgments and Federated Mutual has brought third party complaints against Home Indemnity Company. Both of these insurers have moved for summary judgment in all three cases and since these actions raise identical issues, they are all treated in this opinion.

The following undisputed facts have been developed in the various depositions, interrogatories, stipulations, and affidavits before the court: At the time the car in question was purchased, it was titled in John A. Combs' name but the installment payments were made by one of his sons, Thomas R. Combs who was then a minor. For a number of months license tags and insurance were not obtained for the vehicle and it was not operated. When Hardin Junior Combs returned from military service in July, 1967, he was interested in driving the car and so he obtained liability insurance and license tags for it. This liability insurance was cancelled before the date of the wreck. Payments were made on the car through the one due on June 25, 1967.

On August 26, 1967 John Franklin Combs, who worked for Ray Von Johnson and who was the nephew of John A. Combs, was asked to go pick up the car because its "insurance had run out." John A. Combs was satisfied for the car to be taken in because he didn't want the car to be in his name while it was being operated without insurance and he instructed John Franklin to have the title taken out of his name. John Franklin Combs then went to the Skylark Restaurant on Rt. 86 where he found Hardin Junior Combs. They drove the car back to Ray Von Johnson's where they were told that a payment would have to be made if the car was to be kept. Ray Von Johnson allowed Hardin Junior Combs to sign either a note or a loan

application to "stand in" for his father's note and then let him take the car back. The accident occurred less than ten days later.

■ The original note signed by John A. Combs was endorsed to the Virginia Bank and Trust Company with recourse. The parties have stipulated that Ray Von Johnson had the car brought in on his own initiative and without either the request or knowledge of the bank. The court believes that this stipulated fact brings the case within the opinion in Eureka-Security Fire & Marine Insurance Co. v. Maxwell, 276 F.2d 132 (4th Cir. 1960). There the vendor also had the obligation to repurchase the sales contract from the bank in the event of default by the purchaser. Consequently, the vendor proceeded to repossess the car without obtaining a reassignment of the sales contract from the lienor. It was held that the vendor-repossessor did not acquire title to the automobile by operation of law although generally title is acquired when an automobile is repossessed by the lienor. *See* United States Fidelity & Guaranty Co. v. Trussell, 208 F.Supp. 154 (W.D.Va.1962). Even assuming that the act of bringing the car in could be termed a repossession, it did not act to transfer title by operation of law to either Ray Von Johnson or Virginia Bank and Trust Company. Since John A. Combs also did not endorse the title certificate over to either his son or Ray Von Johnson, title remained in him although he understood that title was to be transferred and wished this to be done.

On the Federated Mutual policy which insured Ray Von Johnson, it was provided that the term "insured" did not include "any person or organization, other than the named insured, with respect to any automobile (a) owned by such person or organization or by a member (other than the named insured) of the same household * * *." The parties have stipulated that Hardin Junior Combs was a member of the household of John A. Combs on the day the car was brought in to Johnson Motor Company.

On that date, therefore, Hardin Junior Combs was not an insured under the Federated policy because title to the car remained in John A. Combs. It seems evident that no change in Hardin Junior Combs' status as a member of his father's household took place in the few days before the wreck occurred. Even if such a change had taken place, however, that fact alone would not seem to make Combs an insured under the policy.

In a broader sense it seems that the type of liability sought to be imposed here is not fairly within the range of occurrences insured against by garage liability insurance. When Ray Von Johnson obtained Hardin Junior Combs' agreement to "stand in" for the payments, he allowed Combs to retain the car for his unrestricted use. Apparently Johnson had the car brought in because he was worried that he was going to be called upon in the future to take up the note. Although John Franklin Combs stated that he was told to bring the car in because the "insurance had run out", this does not appear to have been the actual reason because Hardin Junior Combs was allowed to retain the car without any insurance arrangements being made. As soon as Johnson obtained new commitments to pay the installments, he exercised no further control over the automobile. At the time of the wreck, then, the car had no real connection with Johnson's garage operations.

■ It is likewise clear under the facts as developed that the plaintiffs cannot obtain insurance coverage from Home Indemnity, which insured Virginia Bank and Trust Company and against whom the plaintiffs have not made a claim. With respect to insurance for cars being repossessed, the policy provided coverage "to any automobile while being repossessed by the named insured, or while being maintained or used in connection with resale following such repossession * * *." Clearly the car was not repossessed by either the named insured or by anyone acting under its

direction and the car was not insured by Home Indemnity on the date of the wreck. Furthermore, this defendant did not receive notice of the wreck and resulting claims until service of the third party complaint against it in this action.

It is the judgment of this court that summary judgments in favor of the defendant and the third party defendant must be and hereby are granted in all of the above styled cases.

Each party shall bear his or its own costs.